QUAKER CITY CUT GLASS COMPANY, Appellant, v. C. A.
WEBBER, doing business under the name and style of
C. A. WEBBER PUBLISHING AND ADVERTISING COM-
PANY, Appellee.

**Sales:** ACTION FOR PRICE: BURDEN OF PROOF. In an action for goods
sold and delivered, to which defendant answered by a general
denial, the burden was upon plaintiff to prove that he sold or
furnished the goods to defendant at his request, the nature or
description of the same, the agreed price, or, in the absence of
an agreement, the reasonable value of the goods.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL,
Judge.

FRIDAY, OCTOBER 18, 1912.

THE opinion states the case.—*Affirmed.*

*W. J. Clair,* for appellant.

*Remley & Calkins,* for appellee.

WEAVER, J.—The petition is at law, and alleges that
between certain named dates the plaintiff "furnished the
defendant goods, wares, and merchandise to the value of
$353 at his instance and request," on which claim or ac-
count a payment of $16.17 is credited, and judgment de-
manded for the remainder, with interest. The petition
neither contains nor refers to any further statement of the
account; nor is there any statement or showing as to the
character or nature of the goods so sold, or the items or the
prices thereof, except in the aggregate as above quoted from

the pleading. The answer is a simple denial of each and every allegation in the petition. This denial cast upon the plaintiff the burden of showing that he had sold to the defendant, or furnished at his instance or request, something in the nature of goods, wares, or merchandise, the nature or description of the same, the quantity or quantities thereof, and the agreed prices, or at least the reasonable values, of the articles or things so furnished. Of all this there is not a word to be found in the abstract.

So far as appears, the entire effort of the plaintiff was directed to the introduction of certain letters bearing dates since the alleged sales were made, and purporting to have been written by the defendant. The genuineness of these, or most of them, was denied by the defendant, and the chief complaint of the appellant is with reference to the trial court's ruling upon their admissibility. We think, however, there is no occasion for considering the questions so raised; for, were we to hold that every letter offered was competent testimony, there would still be nothing upon which to sustain a verdict in plaintiff's favor. These letters, or some of them, could be interpreted as admissions that defendant was owing plaintiff something, the amount of which is not stated; and in each instance the concession is accompanied by protest against the correctness of plaintiff's demands, and asking an explanation of the same, and on one or two occasions there is an offer of compromise by turning over negotiable paper held by defendant. Giving this testimony its utmost weight in favor of plaintiff, it shows nothing more than a probability that defendant was indebted to plaintiff in some indefinite or uncertain amount, for the ascertainment of which he neither introduced nor offered evidence of any kind.

If any error is shown in the proceedings below, it is without prejudice to the appellant, and the judgment below is—*Affirmed.*